UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OWNERS INSURANCE COMPANY,

    Plaintiff,

v.                                          Case No. 6:17-cv-1505-Orl-37TBS

MICHAEL BERKE,

    Defendant.
_____

## ORDER

In what has become an all-too common occurrence, *see Wilkins v. Stapleton*, 6:17-cv-1342-Orl-37GJK, Doc. 5, the instant case requires the Court to illuminate, despite hiding in plain sight, the fundamental principles of litigation in federal court. Here, Plaintiff invokes the Court's diversity jurisdiction. (Doc. 1). But, after review of the Complaint, Plaintiff has failed to properly allege the Court's subject matter jurisdiction.

In diversity cases, district courts have original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity requires that the citizenship of each plaintiff be diverse from the citizenship of every defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The citizenship of an individual is determined by domicile, which is established by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to

establish diversity for a natural person.").

Here, Plaintiff alleges only that Defendant is "a resident of the State of Florida." (Doc. 1, ¶ 6.) But residence alone is insufficient. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Hence the Court will require repleader.[1] Counsel's unfamiliarity with federal practice does not absolve them of their obligation to satisfy the Court's jurisdictional threshold.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

2. On or before, Thursday, **September 14, 2017**, Plaintiff may file an amended complaint, which addresses the deficiency identified in this Order. Failure to replead by this deadline may result in closure of this action without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 31, 2017.



ROY B. DALTON JR.
United States District Judge

---

[1] Plaintiff has also alleged that the Court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. (Doc. 1, ¶ 4.) Plaintiff is wrong. The Declaratory Judgment Act is procedural only and does not provide an independent basis for federal jurisdiction. *See Schilling v. Rogers*, 363 U.S. 666, 677 (1960); *see also Household Bank v. JFS Grp.*, 320 F.3d 1249, 1253 (11th Cir. 2003).

Copies to:
Counsel of Record