UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OWNERS INSURANCE COMPANY,

    Plaintiff/Counter-Defendant,

v.                                                                    Case No. 6:17-cv-1505-Orl-37TBS

MICHAEL BERKE,

    Defendant/Counter-Plaintiff.
_____

## ORDER

In this insurance coverage dispute, Plaintiff Owners Insurance Company ("**Owners**") seeks declaratory judgment. (Doc. 17.) On September 22, 2017, Defendant Michael Berke ("**Mr. Berke**") answered the Second Amended Complaint and asserted two counterclaims: (1) a claim for uninsured motorist benefits ("**UM Counterclaim**"); and (2) a claim for bad-faith under Florida law ("**Bad Faith Counterclaim**"). (Doc. 18, ¶¶ 7–28.)[1]

Now, Owners moves: (1) to stay the Bad Faith Counterclaim or, in the alternative, sever and abate it (Doc. 24 ("**Motion to Stay**")); and (2) for an extension of time to respond until the Court rules on the Motion to Stay (Doc. 25 ("**Extension Motion**")). Despite Owners' requested relief, the Court finds that the Bad Faith Counterclaim is due to be dismissed without prejudice.[2]

---

[1] Mr. Berke inadvertently mislabeled the paragraphs of his Counterclaims. Thus, there are a total of twenty-eight, not twenty-seven, paragraphs. (*See* Doc. 18, pp. 6–7.)

[2] Owners represents that Mr. Berke objects to all requested relief. (Doc. 24, p. 8;

-1-

Florida law does not recognize a "valid" bad faith claim until "there has been a determination of the insured's damages." *Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 483 F.3d 1265, 1270 n.3 (11th Cir. 2007); *see also Fridman v. Safeco Ins. Co. of Ill.*, 185 So. 3d 1214, 1216, 1230 (Fla. 2016) (clarifying that "an insured is entitled to a determination of liability and the full extent of his or her damages in the [coverage action] *before* filing a first-party bad faith action"). Indeed, Mr. Berke concedes that no such determination has been made yet. (*See* Doc. 18, ¶ 17 (explaining that the Bad Faith Claim "will ripen upon the determination that [Defendant] is entitled to the limit of uninsured motorist benefits").) In such circumstances, this Court finds that dismissal—rather than a stay or abatement—is proper. *See, e.g.*, *Ralston v. L.M. Gen. Ins. Co.*, No. 6:16-cv-1723-Orl-37DCI, 2016 WL 6623728, at *2–3 (M.D. Fla. Nov. 9, 2016).

Therefore, the Court concludes that the Motion to Stay is due to be denied and the Extension Motion is due to be denied as moot.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Count II of the Defendant/Counter-Plaintiff's Answer to Second Amended Complaint and Counterclaim[s] (Doc. 18, ¶¶ 16–28) is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff/Counter-Defendant's Motion to Stay Counterclaim or in the Alternative Motion to Sever Counterclaim and Abate Count II of Counterclaim-Violation of Fla. Stat. § 624.155 (Doc. 24) is **DENIED**.

---

Doc. 25, p. 2.) Under the circumstances, the Court finds a response unnecessary.

3. Plaintiff/Counter-Defendant's Motion for Extension of Time to Respond to Counterclaim Until After This Court Rules on [the] Motion to Stay/Motion to Sever and Abate (Doc. 25) is **DENIED AS MOOT**.

4. On or before Tuesday, **October 24, 2017**, Plaintiff/Counter-Defendant Owners Insurance Company is **DIRECTED** to file a responsive pleading to Count I of the Answer to Second Amended Complaint and Counterclaim[s] (Doc. 18, ¶¶ 7–15).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 17, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record